FRED H. AYERS *vs.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

May 5, 1891.

**Appeal—Review of Order Granting New Trial on the Evidence.—** *Held,* upon an examination of the record in this case, that we are not satisfied that a preponderance of the evidence was so manifestly and palpably in favor of the verdict as to justify this court in reversing an order of the trial court setting it aside.

Appeal by plaintiff from an order of the district court for Hennepin county, *Smith,* J., presiding, setting aside a verdict of $15,000

in his favor, and granting a new trial, in an action for personal injuries.

*F. D. Larrabee,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

COLLINS, J.   This action was brought to recover for damages alleged to have been caused by the negligence of defendant railway company towards plaintiff, while he was a brakeman in its employ. At the trial a verdict was obtained against the company, which was afterwards set aside by the court, on the ground that, upon two very material points, it was not sustained by a preponderance of evidence. In our opinion it is not important that we should here review the testimony, and nothing would be gained by a discussion of it.   It is sufficient for us to state that it has been carefully perused and examined, and we are unable to discover that, when granting a new trial, the court below failed to observe and exercise the sound legal discretion which is and must necessarily be vested in it, in order to prevent the possibility of great injustice through the instrumentality of verdicts.   There was certainly no abuse of discretion by the court.   The rules which have uniformly governed the consideration of appeals from this class of orders have been so often and so clearly stated in our published opinions that they need no repetition on this occasion.   As we are not satisfied from an examination of the case that a preponderance of the evidence was manifestly and palpably in favor of the verdict, it is not incumbent upon us to disturb the action of the trial court.

Order affirmed.